MRS. J. E. WILLIAMS v. EASTERN CAROLINA COACH COMPANY ET AL.

(Filed 3 April, 1929.)

**Trial E c—Court must charge law arising on all features of case—Negligence—Bus lines.**

> In an action to recover damages of a bus line where there is sufficient evidence tending to show that a passenger was injured by the negligence of the defendant in not providing an adequate catch or other device to prevent a folding seat from falling when raised, and that it fell upon the plaintiff's hand and caused the injury in suit; and also evidence that the injury thus inflicted was caused by the independent act of a fellow passenger or by the act of the plaintiff herself, a charge of the court correctly placing the burden of proof and generally defining the law of actionable negligence, etc., but omitting to explain the law arising upon the particular phases of the evidence, is not a compliance with the mandate of C. S., 564, requiring that the court instruct the jury on the law arising from all substantial features of the case, and constitutes reversible error.

APPEAL by defendants from *Harwood, J.,* at March Term, 1928, of UNION. New trial.

In the month of November or December, 1926, the plaintiff was a passenger on one of the motor vehicles of the defendant Coach Company going from Monroe to Charlotte. She occupied the seat next to the last seat at the rear of the coach. Connecting with the end of this seat, and extending across the passageway was a seat called a "flap seat," or

"folding seat," which could be raised for the convenience of passengers going to and from the rear seat. It was attached to the wall by hinges; and there was evidence tending to show that a strap and snap were provided by which it could be held in an upright position. The plaintiff's right hand was resting on the end of the seat she occupied. There was evidence tending to show that when the bus turned into Jefferson Street it stopped to admit a passenger, and that when it turned into Charlotte Avenue the raised seat fell on the plaintiff's hand and inflicted injury from which she subsequently suffered.

In her complaint the plaintiff alleged that the defendant had negligently failed to provide for the fastening of the seat and had negligently left it unsecured when raised; that she was not given a safe place in which to ride, and that the driver was negligent in the operation of the bus. The material allegations were denied by the defendants; and at the trial the issues of negligence, contributory negligence, and damages were answered in favor of the plaintiff. The defendants excepted and appealed.

*Vann & Milliken and John C. Sikes for plaintiff.*
*John W. Hester and W. B. Love for defendants.*

ADAMS, J. As there was no error in overruling the motion for nonsuit, the pivotal question is raised by an exception to the charge upon the ground that his Honor failed to observe the requirements of section 564 of the Consolidated Statutes. This section makes it the duty of the judge to "state in a plain and correct manner the evidence given in the case and declare and explain the law arising thereon." It is contended that this mandate was disregarded in the instructions given the jury upon the first issue—a position which involves the consideration of the evidence pertaining to the issue, the charge in reference to it, and the principles of law which are deemed to be applicable.

There was evidence tending to show that the "folding seat" was a part of the seat occupied by the plaintiff, and that it could be raised on hinges against the wall for the benefit of passengers going to or from the rear of the coach; that it had no spring or other device for securing it to the wall; that it was raised and unsecured when the bus left the hotel; and that by the driver's negligence it was caused to fall upon and seriously to injure the plaintiff's hand. There was other evidence tending to show that the defendant had provided a strap and snap for keeping the folding seat in position when raised against the wall, and that the defendant had in other respects used due care to assure the safety of the plaintiff. It was contended, and there was evidence from which the jury might have inferred that the seat, if raised, had been raised by a

passenger and left unsecured. Upon the evidence two diverse theories arose. It was argued by the plaintiff that the seat as constructed was inherently defective and unsafe; that the Coach Company was responsible for its condition and was negligent in maintaining it, and that the company's negligence was the proximate cause of the plaintiff's injury. The defendant insisted that the plaintiff's evidence was uncertain as to the position of the folding seat when she became a passenger; that she did not know whether it was up or down, fastened or unfastened; that it was in fact down when she came in, but if raised, that it had not been raised by the company, and that the defendant is not liable for an injury caused by an intervening agency.

Upon the first issue—whether the plaintiff had been injured by the negligence of the Coach Company—the trial judge correctly stated the law as to the burden of proof and as to the constituent elements of actionable negligence: (1) Want of due care, ordinary or due care being such as is commensurate with the hazards incident to the business; (2) injury to the plaintiff, and (3) proximate cause. He gave a synopsis of the material evidence, and a statement of the contentions. Then after telling the jury to consider the evidence he concluded his charge upon the first issue by saying that they should answer it in the affirmative if they found by the greater weight of the evidence that the Coach Company had been negligent, and that its negligence had proximately caused the plaintiff's injury, and if they did not so find to answer it in the negative. The identical instruction had previously been given; and these two were the only instructions pointing out the circumstances under which the issue should be answered "yes" or "no." Detached from this single proposition the remainder of the charge consists of nothing more than a definition of actionable negligence, a statement as to the burden of proof and of the degree of care required of public carriers of passengers, and an abridged recital of the evidence and of the contentions of the parties. For these reasons the charge does not satisfy the demands of the statute. Let us assume, merely by way of illustration, that the jury should find from the evidence, as insisted by the plaintiff, that the Coach Company failed in the exercise of due care to provide adequate means for securing the seat when raised to the wall, or to see that the seat was in other respects reasonably safe, or that the bus was carefully driven. Let us assume further, as contended by the defendant, that the seat was down when the plaintiff entered the bus and that a passenger afterwards raised it and carelessly left it unsecured, though a sufficient device for fastening it had been provided. The charge contains no rule or formula to aid the jury in determining which of these circumstances would or would not constitute negligence. The judge simply charged as to the plaintiff's contention that certain

facts would make a case of negligence and the defendant's contention that other facts would not; but without appropriate instructions how could the jury know whether the facts as found did or did not amount to negligence as defined by the law?

Section 564 confers upon litigants a substantial legal right and calls for instructions as to the law upon all substantial features of the case. *Wilson v. Wilson,* 190 N. C., 819; *S. v. O'Neal,* 187 N. C., 22, 24. As was said in *S. v. Matthews,* 78 N. C., 523, 537, its requirements are not met by a general statement of legal principles which bear more or less directly, but not with absolute directness upon the issues made by the evidence. While the manner in which the law shall be applied to the evidence must to an extent be left to the discretion of the judge, he does not perform his duty if he fails to instruct the jury on the different aspects of the evidence and to give the law which is applicable to them, or if he omits from his charge an essential principle of law. *Blake v. Smith,* 163 N. C., 274; *Bowen v. Schnibben,* 184 N. C., 249.

In *Orvis v. Holt,* 173 N. C., 231, the defense was that the note sued on had been given for margins upon "futures." The judge instructed the jury that the burden of showing the illegality of the contract was on the defendant corporation, and if it had shown that the contract was illegal to answer the third issue "yes" and if not, to answer it "no." In reviewing the charge this Court said, *Walker, J.* writing the opinion: "We do not think this was an adequate charge or a compliance with the statute. All the evidence tended to show that the contracts for the pretended sales of cotton were condemned by our statute. Revisal, secs. 1689, 3823, 3824. There was no instruction or intimation to the jury as to what would be an illegal contract, and in this respect the jury were left, without any aid from the court, to pass upon the validity of the note according to their own notion of the law. The statute requires that 'The judge shall state in a plain and correct manner the evidence given in the case and declare, and explain, the law arising thereon.' This was not done. The jury were not told what would constitute an 'illegal consideration' or a 'gambling contract' under the statute in cases of this kind. Nor was anything of the kind said to them which was calculated to enlighten their minds upon this vital question in the case."

The case of *Nichols v. Fibre Co.,* 190 N. C., 1, was brought by an employee to recover damages for personal injury. The trial judge defined actionable negligence, stated the contentions at length, and concluded his charge' without definite instructions as to the law. In an opinion written by *Connor, J.,* the Court said: "We do not find in the charge any instruction to the jury as to the law arising upon and applicable to the facts which they may find from the evidence. His Honor did not declare and explain the duties which the law imposed

upon defendant as employer of plaintiff with respect to any of the matters involved in the allegations of negligence. Nor did he instruct the jury as to the law with respect to the breach of any of these duties, and the relation of such breach to the injuries as the proximate or concurrent cause thereof. The statement of the general principles of law, without an application to the specific facts involved in the issue, is not a compliance with the provisions of the statute. *Hauser v. Furniture Co.,* 174 N. C., 463; *S. v. Merrick,* 171 N. C., 788. . . . It is of course elementary that while the jury must determine the facts from the evidence, it is both the function and duty of the judge to instruct them as to the law applicable to the facts. The answers to the issues submitted in this case are not to be determined altogether by the facts; each issue involved matters of law, and the jury should have been instructed by the judge as to the law. While counsel may argue the law of the case to the jury, both plaintiff and defendant are entitled, as a matter of right, to have the judge declare and explain the law arising on the evidence. A failure to comply with the statute must be held as error."

*Watson v. Tanning Co.,* 190 N. C., 840, also, is directly in point. There the trial court defined actionable negligence, gave the rule as to the burden of proof, fully stated the contentions of the parties, and instructed the jury to answer the issue of negligence in the affirmative if the plaintiff had satisfied them by the greater weight of the evidence that he had been injured by the negligence of the defendant as alleged, and if not, to return a negative answer. A new trial was granted, the Court saying: "In several cases recently decided we have stressed the necessity of observing the requirements of section 564 and have reiterated the suggestion that a statement of the contentions accompanied with the bare enunciation of a legal principle is not sufficient; it is imperative that the law be declared, explained and applied to the evidence."

A statement of the contentions of the parties is not required as a necessary part of the instructions *(Wilson v. Wilson, supra; S. v. Whaley,* 191 N. C., 387), but when the evidence is susceptible of several interpretations a failure to give instructions which declare and explain the law in its application to the several phases of the evidence is held for reversible error. Such failure is to be considered, not as a subordinate feature of the cause, but as a substantial defect which may be raised by an exception to the charge. *Hauser v. Furniture Co., supra; S. v. Merrick,* 171 N. C., 788: For the error complained of there must be a

New trial.