DR. J. R. SPENCER v. H. W. BROWN AND E. R. EVANS, INDIVIDUALLY, AND PARTNERS TRADING AS BROWN & EVANS.

(Filed 21 September, 1938.)

**1. Trial § 29b—**

The trial court is required to state in a plain and correct manner the evidence given in the case and to declare and explain the law on every substantive and essential feature of the case arising on the evidence. C. S., 564.

**2. Negligence § 20: Automobiles § 18h—Instruction on issue of contributory negligence held for error in failing to explain law arising upon evidence relating to violations of safety statutes relied on by defendant.**

In this action to recover for injuries resulting from an automobile collision, defendant pleaded contributory negligence and alleged violation by plaintiff of several safety statutes as the proximate cause of the accident. On the issue of contributory negligence, the court, after correctly placing the burden of proof and defining contributory negligence and proximate cause in general terms, stated the respective contentions of the parties as to the manner in which defendant claimed plaintiff was guilty of contributory negligence proximately causing the accident, but failed to declare and explain the law arising upon the evidence as it related to the several alleged violations by plaintiff of the safety statutes relied on by defendant. *Held:* Such failure constituted a failure to explain the law on substantive features of the case arising on the evidence, affecting a substantial right of defendant and entitling him to a new trial.

**3. Appeal and Error § 39e—**

The failure of the court to instruct the jury on substantive features of the case arising on the evidence is prejudicial, even in the absence of a request for special instructions.

APPEAL by defendant H. W. Brown from *Thompson, J.,* at March Term, 1938, of CAMDEN.

Civil action for recovery of damages for injury to person and property resulting from alleged actionable negligence.

This action was instituted in the Superior Court of Camden County.

On the night of 5 October, 1935, plaintiff's automobile, while being operated by him and traveling in a northerly direction on the George Washington Highway in Camden County, North Carolina, came into collision with an automobile of defendant partnership traveling in a southerly direction while being operated by defendant H. W. Brown, who was accompanied by a young lady.

The plaintiff alleges negligence and damage. In answer filed the defendants denied the allegations of the plaintiff, and, in pleading contributory negligence, allege:

"Tenth—That . . . such damages and injuries as plaintiff may have sustained to his property and person were proximately caused by the carelessness and negligence of the said plaintiff in that, (a) he operated his said automobile at said time and place at a dangerous and unlawful rate of speed, and particularly at a rate of speed in excess of forty-five (45) miles per hour; (b) he operated said motor vehicle at a speed greater than was reasonable and prudent under the conditions then existing on said highway, and particularly in the light of the fact that visibility on said road at said time was greatly lessened because of rain and fog then and there existing; (c) he drove his said automobile to the left of the center of said highway; (d) he failed to have his said car under proper control; (e) he failed to keep a proper lookout along said road in the direction in which he was traveling; (f) the head lamps on his said motor vehicle were so constructed and arranged that they projected a glaring and dazzling light to persons in front of said head lamps, and particularly to the car then and there being operated by this said defendant, and then and there, as aforesaid, approaching in an opposite direction from that in which the said plaintiff was traveling; (g) he failed to dim his said head lamps as, he approached the car which was being driven by this defendant, though this said defendant had repeatedly signaled to the plaintiff with reference thereto; (h) he operated said motor vehicle in a careless and reckless manner and without due caution or circumspection and in willful and wanton disregard of the rights and safety of others, particularly the rights and safety of this defendant; and (i) he failed to operate said motor vehicle at said time and place at a careful and prudent speed, not greater than was reasonable and proper, having due regard to the traffic, surface and width of the highway, and of the other conditions then existing on said highway at said time and place."

By consent of counsel for plaintiff and for defendant, the action was removed to the Superior Court of Pasquotank County for trial. On

trial in the latter court, and at conclusion of plaintiff's testimony, the court sustained motion for judgment as of nonsuit as to all defendants except H. W. Brown, individually. Verdict for the plaintiff was set aside for errors committed on the trial and a new trial ordered.

Subsequently, upon motion of plaintiff, the presiding judge, upon facts found, entered an order setting aside the order of removal and sent the case back to Camden County for trial. To this order the defendant excepted, but has not preserved the exception. At the trial which followed the parties introduced evidence tending to support their respective allegations. Issues of negligence, contributory negligence, accident and damages were submitted to the jury.

From judgment on verdict for plaintiff, defendant H. W. Brown appeals to the Supreme Court, and assigns error.

*W. I. Halstead and R. Clarence Dozier for plaintiff, appellee.*
*John H. Hall for defendant, appellant.*

WINBORNE, J. Defendant's assignment of error to the failure of the court below to "declare and explain the law arising" upon the evidence offered in support of the various allegations of contributory negligence is well taken, and entitles the defendant to a new trial.

It is the duty of the judge presiding at the trial of an action which is submitted to the jury "to state in a plain and correct manner the evidence given in the case and to declare and explain the law arising thereon." C. S., 564. This statute "confers upon litigants a substantial legal right and calls for instructions as to the law upon all substantial features of the case." *Williams v. Coach Co.,* 197 N. C., 12, 147 S. E., 435, and cases cited. The "requirements are not met by a general statement of legal principles which bear more or less directly, but not with absolute directness, upon the issues made by the evidence. While the manner in which the law shall be applied to the evidence must to an extent be left to the discretion of the judge, he does not perform his duty if he fails to instruct the jury on the different aspects of the evidence and to give the law which is applicable to them, or if he omits from his charge an essential principle of law." *Williams v. Coach Co., supra; Comr. of Banks v. Mills,* 202 N. C., 509, 163 S. E., 598; *S. v. Bryant,* 213 N. C., 752, 197 S. E., 530.

In the instant case, after stating to the jury the correct rule as to the burden of proof on the issue of contributory negligence, and defining contributory negligence and proximate cause in general terms, the court stated the contentions of the defendant as to the manner in which defendant contends that the plaintiff was guilty of negligence which contributed to or concurred in the injuries which he suffered. The counter-

contentions of the plaintiff with respect thereto were then set forth. However, the court, inadvertently no doubt, failed to declare and explain the law arising upon the evidence as it related to the several allegations of defendant involving alleged violations by plaintiff of various sections of the statutes on the operation of motor vehicles in this State. This affected a substantial right of the defendant.

"When a statute appertaining to the matters in controversy provides that certain acts of omission or commission shall or shall not constitute negligence, it is incumbent upon the judge to apply to the various aspects of the evidence such principles of the law of negligence as may be prescribed by statute, as well as those which are established by common law"—*Adams, J.,* in *Bowen v. Schnibben,* 184 N. C., 248, 251, 114 S. E., 170.

The failure of the court to instruct the jury on substantive features of the case arising on the evidence is prejudicial. This is true even though there is no request for special instruction to that effect. *S. v. Bryant, supra,* and cases cited.

As the case goes back for new trial for error stated, other exceptions will not be considered.

New trial.