## STATE v. F. A. FAIN.

(Filed 15 December, 1948.)

**1. Arrest and Bail § 2—**

An officer, if assaulted or resisted in serving legal process or in making an arrest, is not under duty to retreat, but has the right to use such force as may be necessary in the proper discharge of his duties, even to the extent of taking life, the limitations upon his conduct being that he may not act maliciously so as to be guilty of wanton abuse of authority, or use any greater force than is reasonable and apparent under the circumstances.

**2. Criminal Law § 53d: Assault § 14b—Charge held for error in failing to explain law arising upon defendant's contentions supported by evidence.**

The evidence was not conclusive as to whether defendant officer was clothed with a search warrant when he knocked at the door of prosecuting witness at nighttime. Defendant's testimony was to the effect that upon being admitted by the prosecuting witness, he disclosed his mission to serve a search warrant, and that an affray immediately ensued in which both parties fired and in which he inflicted serious injury. *Held:* It was error for the court to fail to explain the law relating to defendant's right to use such force as was necessary in the performance of his duty and his right to kill in self-defense without retreating if the jury should find from the evidence the facts to be as contended by him. G.S. 1-180.

APPEAL by defendant from *Sink, J.,* at August Term, 1948, of CHEROKEE.

Criminal prosecution tried upon indictment charging defendant of an assault with a deadly weapon with intent to kill one Pearl Posey, and inflicting upon her serious injury not resulting in death.

The State offered evidence tending to show that the defendant went to the home of Mrs. Pearl Posey in East Murphy, where she and her husband, Ben Posey, resided, between three and four o'clock in the morning

of 28 December, 1945; that he knocked on the door and woke up Mrs. Posey; whereupon she came downstairs and inquired who was there, and received no answer. That after asking three or four times who was there and receiving no answer, she informed the person that if he did not tell her who was there she would not open the door. That she had her gun in one hand and a flashlight in the other. That she finally unlocked the door and it was pushed open by the defendant, who pushed his gun in her stomach and grabbed her hand, knocked the flashlight out of her hand and pushed his pistol through her navel. That she pushed him back out of the door when a gun fired, that she screamed and hollered and the defendant grabbed her and shot her.

The defendant testified that he was a deputy sheriff of Cherokee County and a policeman of the Town of Murphy. That on the night in question he was working as an extra policeman for the Town of Murphy and went on duty about 11:00 p.m. That he went to the home of Pearl and Ben Posey about 1:30 a.m., and that he had with him a search warrant which had been given to him by the sheriff of Cherokee County, directing him to search the home of Pearl Posey. "When I went there I went up to the door and knocked on the door and Mrs. Posey came to the door and opened the door, . . . and I told her I had a search warrant for her for whiskey, and she said, 'You G.d. s.o.b.' and shot. When she shot she had her gun that way (indicating) and I knocked her shot off. . . . I had my gun in my right overcoat pocket and when I pulled it out I shot at her."

The evidence was conflicting as to whether or not the defendant was clothed with a search warrant, directing him to search the home of Mrs. Posey, at the time in question. If the defendant did have such a warrant it had been lost or mislaid at the time of the trial, and was not available for introduction in evidence.

The jury returned a verdict of guilty of assault with a deadly weapon and from the judgment imposed, the defendant appeals and assigns error.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*J. B. Gray, O. L. Anderson, and C. E. Hyde for defendant.*

DENNY, J.   The defendant excepts and assigns as error the failure of the trial judge to declare and explain the law of self-defense and to apply it to the evidence in the case.

Since we have no way of ascertaining whether the jury returned the verdict of guilty of an assault with a deadly weapon against the defendant because he used excessive force in executing a duly issued process of the court, or whether it found him guilty because he was acting without

being clothed with such process, we think there was error in the charge of the court.

The court gave the general rule of law applicable to the service of process, and then gave the respective contentions of the State and the defendant. But nowhere in the charge did the court explain the law applicable to the evidence upon which the defendant's contentions were based, should the jury find the facts from the evidence to be as contended by him. G.S. 1-180; *Lewis v. Watson, ante,* 20, 47 S. E. (2) 484. Neither was the jury instructed as to the legal rights of an officer when confronted with a sudden peril while in the discharge of his official duties.

It is said in 6 C. J. S., sec. 13 (d), p. 615 : "An officer, where he acts in self-defense, may, if necessary, kill an offender who endangers his life or safety, while attempting an arrest. If the officer is assaulted, he is not bound to fly to the wall, but if necessary to save his own life, or to guard his person from great bodily harm, he may even kill the offender; this rule applies, although the arrest is being made for a misdemeanor," citing *S. v. Dunning,* 177 N. C. 559, 98 S. E. 530, 3 A. L. R. 1166, where *Hoke, J.,* in speaking for the Court, said : "It is a principle very generally accepted that an officer, having the right to arrest an offender, may use such force as is necessary to effect the purpose, and to a great extent he is made the judge of the degree of force that may be properly exerted. Called on to deal with violators of the law, and not infrequently to act in the presence of conditions importing serious menace, his conduct in such circumstances is not to be harshly judged, and if he is withstood his authority and purpose being made known, he may use the force necessary to overcome resistance and to the extent of taking life if that is required for the proper and efficient performance of his duty. It is when excessive force has been used maliciously or to such a degree as amounts to a wanton abuse of authority that criminal liability will be imputed."

And again in *S. v. Miller,* 197 N. C. 445, 149 S. E. 590, this Court, speaking through its present *Chief Justice,* said : "An officer, in making an arrest or preventing an escape, either in case of felony or misdemeanor, may meet force with force, sufficient to overcome it, even to the taking of life, if necessary. *S. v. Dunning,* 177 N. C. 559, 98 S. E. 530. And he is not required, under such circumstances, to afford the accused equal opportunities with him in the struggle. He is rightfully the aggressor, and he may use such force as is necessary to overcome any resistance. . . . If the offender put the life of the officer in jeopardy, the latter may *se defendendo* slay him; but he must be careful not to use any greater force than is reasonably and apparently necessary under the circumstances, for necessity, real or apparent, is the ground upon which the law permits the taking of life in such cases."

Conceding, but not deciding, that the defendant was duly clothed with a search warrant, directing him to search the home of Pearl Posey for whiskey, and he went there for that purpose, and while attempting to execute such warrant he was fired upon by Mrs. Posey, in the manner testified to by him, he would be entitled to have the jury pass upon (1) whether he was acting in good faith at the time; (2) whether he used more force than was necessary to the proper performance of his duty; and (3) whether he shot the prosecuting witness in self-defense. *S. v. Jenkins,* 195 N. C. 747, 143 S. E. 538; *S. v. Finch,* 177 N. C. 599, 99 S. E. 409.

We think the defendant is entitled to a new trial, and it is so ordered.

New trial.