## STATE v. ROBERT L. SUTTON.

(Filed 13 April, 1949.)

**1. Criminal Law § 77d—**

The Supreme Court is bound by the record.

**2. Rape § 19—**

In this prosecution of defendant for carnal knowledge of a female child over twelve and under sixteen years of age, defendant offered evidence of the immortal character of prosecutrix and her sister and aunt. *Held:* A charge that such testimony was not competent upon the question of defendant's guilt or innocence, but that it was material as bearing upon the likelihood of defendant to indulge in such conduct, is prejudicial error.

**3. Criminal Law § 78e (1)—**

A broadside exception to the charge will not be considered, but appellant must point out wherein the charge failed to comply with the provisions of G.S. 1-180.

**4. Same—**

Where the only part of the charge applying the law to the evidence in the case is the statement of the respective contentions of the parties, exceptions for failure of the court to instruct the jury as to the law arising on the evidence, taken in each instance where the court arrayed the facts in the form of a contention, are sufficient to present defendant's contention that the charge failed to comply with G.S. 1-180.

**5. Rape § 19—**

Where defendant, in a prosecution for carnal knowledge of a girl over twelve and under sixteen years of age, offers evidence of the immoral character of the prosecutrix and denies his identity as the perpetrator of the offense, an instruction which omits the age and chastity of prosecutrix as elements of the offense fails to meet the mandatory requirements of G.S. 1-180, and an exception thereto will be sustained. G.S. 14-26.

**6. Criminal Law § 53d—**

In a prosecution for a statutory crime it is not sufficient for the court merely to read the statute and the indictment, but the court, in discharging its duty to charge on all substantial features of the case, should explain the statute and outline the essential elements of the offense, and apply the law as thus defined to the evidence in the case. G.S. 1-180.

**7. Same—**

Evidence of an alibi is substantive, and defendant is entitled to an instruction as to the legal effect of his evidence of alibi, if believed by the jury.

APPEAL by defendant from *Sink, J.,* October Term, 1948, JACKSON. New trial.

Criminal prosecution under G.S. 14-26, on bill of indictment charging carnal knowledge of a female child over twelve and under sixteen years of age.

The evidence for the State tends to show that on 9 January 1947, on her thirteenth birthday anniversary, Sallie Ramsey was picked up near her home by defendant and carried on his car to a deserted spot off the main highway and near an old corn mill; that there he had sexual intercourse with her on the back seat of his automobile; that this was the first time the girl had had intercourse with any person; and that thereafter illicit relations were maintained by the defendant and the prosecutrix over a period of several months, the defendant taking her to various places for that purpose.

The evidence for the State likewise tends to show that defendant engaged in illicit relations with Sallie Ramsey's younger sister and probably with her aunt, Edna Davis, the aunt conniving to get the parties together at various times. There was also evidence of other incriminating facts and circumstances.

The evidence for the defendant tended to show that he was not acquainted with the prosecuting witness or her sister or aunt; that while she and her sister and aunt had been guilty of unseemly conduct, the man involved was named Ramsey; that defendant never associated with either one of the women. There was also evidence tending to show that it was impossible for defendant to have been at the places on the occasions and at the times testified to by the State's witnesses. Defendant likewise offered evidence of his good reputation.

The jury returned a verdict of guilty. The court pronounced judgment of imprisonment in the State's Prison for a term of not less than twenty or more than thirty years. Defendant excepted and appealed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*W. R. Francis, John M. Queen, Hugh E. Monteith, and David M. Hall for defendant appellant.*

BARNHILL, J.   The court below in its charge instructed the jury as follows:

"There has been testimony offered regarding the character and the conduct of Louise Ramsey and her aunt, Edna Davis, and Sallie Ramsey and her aunt, Edna Davis. The Court charges you that while this testimony is not competent as bearing upon the question of the guilt or innocence of the defendant, that it is material for you to consider only as

bearing on the inclination, disposition, likelihood or the lack of it, of the defendant to indulge in this manner of conduct."

Whether this instruction, as it appears in the record, conveys the thought the trial judge had in mind at the time or expresses with exactness just what he did say, we are unable to determine. In any event, we must take it as we find it.

How evidence tending to show that these three women were immoral, lascivious, dissolute characters could have any material bearing on "the inclination, disposition, likelihood or lack of it, of the defendant" to indulge in similar unbridled conduct or to show intent, design, or guilty knowledge of the defendant, or to identify the person charged, we are unable to perceive. To have his inclination and disposition to indulge in immoral acts judged by their conduct saddled upon him a burden the law does not contemplate.

While we do not recognize a broadside exception to the charge but require an assignment of error of this kind to point out wherein the judge failed to comply with G.S. 1-180, it is sometimes difficult to decide on which side a particular assignment falls. Here, however, we think the combination of exceptions and assignments brings the defendant under the wire and sufficiently presents his contention that the court below inadvertently failed to comply with the mandatory provisions of G.S. 1-180.

He excepts in part for that the court failed to instruct the jury in respect to the particular issues arising on the evidence and apply the law thereto in such manner as to enable the jury to understand the essential elements of the crime charged. Then, in each instance where the court arrayed the facts in the form of a contention, he excepts "for that the Court failed to instruct the jury as to the law arising on evidence of this character."

The court, in charging the jury, read the statute, G.S. 14-26, and the bill of indictment; charged on the presumption of innocence; defined reasonable doubt and properly placed the burden of proof. It then gave the contentions of the State on the one hand and the defendant on the other. It likewise gave the quoted instruction and charged the jury as to how they should consider "character testimony" and testimony of defendant.

In summary, this is the sum total of the charge. At no time was the jury instructed that in order to convict, the State must prove not only an act of illicit sexual intercourse between defendant and the girl, but also that she was under sixteen years of age and, at the time, had never had sexual intercourse with any other man. The elements of age and virginity are not mentioned, even in the statement of contentions, except that it is stated the defendant contends the prosecutrix "is a young girl

guilty of lascivious conduct" and "that she was not a virgin on the 9th day of January, 1947, as contended for by the State of North Carolina."

Therefore, under the charge considered contextually, the one issue submitted to the jury was as to whether there had been illicit relations between the defendant and the prosecutrix. The inadvertence of the court in failing to state and explain the other essential elements of the crime and relate them to the evidence in the case must be held for error.

"The chief object contemplated in the charge of the judge is to explain the law of the case, to point out the essentials to be proved on the one side and on the other, and to bring into view the relation of the particular evidence adduced to the particular issue involved. *Bird v. U. S.,* 180 U.S. 356, 45 L. Ed., 570." *S. v. Friddle,* 223 N.C. 258, 25 S.E. 2d 751; *S. v. Jackson,* 228 N.C. 656, 46 S.E. 2d 858.

When a person is on trial, charged with having committed a statutory crime, it is not sufficient for the court merely to read the statute under which he stands indicted. The statute should be explained, the essential elements of the crime thereby created outlined and the law as thus defined should be applied to the evidence in the case. *S. v. Flinchem,* 228 N.C. 149, 44 S.E. 2d 724; *S. v. Friddle, supra; Spencer v. Brown,* 214 N.C. 114, 198 S.E. 630; *Bowen v. Schnibben,* 184 N.C. 248, 114 S.E. 170. This "calls for instructions as to the law upon all substantial features of the case." *Williams v. Coach Company,* 197 N.C. 12, 147 S.E. 435; *McNeill v. McNeill,* 223 N.C. 178, 25 S.E. 2d 615, and cases cited; *Lewis v. Watson,* 229 N.C. 20; *S. v. Fain,* 229 N.C. 644.

Thus it is, on a prosecution under G.S. 14-26, the failure of the court to give the jury a correct charge on the element of age is error. *S. v. Isley,* 221 N.C. 213, 19 S.E. 2d 875.

While here the age of the prosecutrix does not seem to be seriously questioned, the chastity of the girl at the time of the alleged offense as well as the identity of the offender is vigorously contested. Hence, the defendant was entitled to have the court instruct the jury fully as to the essential elements of the crime and to relate this law to the evidence in the case.

Evidence of an alibi is substantive and the defendant was entitled to an instruction as to the legal effect of his evidence of alibi, if believed and accepted by the jury. *S. v. Melton,* 187 N.C. 481, 122 S.E. 17.

For the reasons stated there must be a

New trial.