LILLIE MAE CHAMBERS, *by* HER NEXT FRIEND, ROSE CHAMBERS, v. MRS. BARNA ALLEN, JOHN ALLEN, MARY FRANKLIN, MRS. W. I. FARRELL, MRS. JANE ALLEN ROSS, MRS. KATHERINE A. MASHBURN, GEORGE C. ALLEN AND JAMES B. ALLEN, CO-PARTNERS, TRADING AS BARNA ALLEN COMPANY,

and

GENEVA CHAMBERS, BY HER NEXT FRIEND, ROSE CHAMBERS, v. MRS. BARNA ALLEN, JOHN ALLEN, MARY FRANKLIN, MRS. W. I. FARRELL, MRS. JANE ALLEN ROSS, MRS. KATHERINE A. MASHBURN, GEORGE C. ALLEN AND JAMES B. ALLEN, CO-PARTNERS, TRADING AS BARNA ALLEN COMPANY.

(Filed 2 February, 1951.)

**1. Automobiles § 18h (2)—**

Plaintiffs' evidence tending to show that the driver of defendants' truck passed the truck in which plaintiffs were riding on its right and turned right into a driveway, causing the rear of the truck, which was loaded with lumber, to whip around and hit the radiator of the truck in which plaintiffs were riding, causing the injuries in suit, *is held* sufficient to overrule defendants' motion to nonsuit notwithstanding that defendants' evidence was in sharp conflict with that of plaintiffs.

**2. Automobiles § 18i: Trial § 31b—**

The action of the trial court in reading pertinent statutes regulating the operation of motor vehicles upon the public highways, without applying the law to the evidence in the case fails to comply with G.S. 1-180, and a new trial is awarded upon exceptions to the charge.

CHAMBERS *v.* ALLEN.

APPEAL by defendants from *Phillips, J.,* February Term, 1950, of MOORE.

These are civil actions instituted for and on behalf of the minor plaintiffs by their father, Rose Chambers, as next friend, to recover damages for personal injuries sustained by the minor plaintiffs as a result of the alleged negligence of the defendants.

These cases were consolidated by consent of the parties for the purpose of trial.

The plaintiffs allege that on 6 December, 1947, they were riding with their father, Rose Chambers, in his pick-up truck along the highway, which truck was being operated in a careful, prudent and lawful manner, when the defendants' truck, while being operated in a fast and unlawful manner was driven past the vehicle of Rose Chambers and was suddenly cut sharply to the right and caused to run into the Chambers truck, thereby causing serious injuries to the plaintiffs.

The defendants denied the material allegations of the respective complaints and alleged as a further answer and defense thereto that the collision and the injuries sustained by the plaintiffs, if any, were solely and proximately caused by the careless, negligent and unlawful conduct of Rose Chambers in the operation of his truck. The defendants further alleged that the Chambers truck, at the time of the collision, was being operated in violation of various statutes, the alleged violations and applicable statutes being duly pleaded.

According to the plaintiffs' evidence, the driver of the defendants' truck undertook to pass the Chambers truck on its right and to turn into a 20-foot driveway. In making the turn the left rear end of the body of the defendants' truck, which was loaded with lumber, whipped around and hit the radiator of the Chambers truck, causing considerable damage thereto and injurying the plaintiffs.

The evidence of the defendants is in sharp conflict with that of the plaintiffs. The driver of defendants' truck testified that he passed the truck driven by Rose Chambers, and after going around the Chambers truck he was about 150 to 175 yards or further from the driveway he intended to enter, which leads to a workshop; that when he was about 35 or 40 yards from the driveway he gave a signal indicating he was going to turn right; that just as he turned and the right rear wheels got off the payment, the Chambers truck hit the left rear corner of the defendants' truck. The defendants' evidence also tended to show the brakes of the Chambers truck were defective.

From verdicts in favor of the plaintiffs and the judgments entered pursuant thereto, the defendants appeal and assign error.

*Seawell & Seawell for plaintiffs.*
*David H. Armstrong for defendants.*

DENNY, J.  The defendants except and assign as error the failure of the trial court to sustain their motion for judgments as of nonsuit, made at the close of the plaintiffs' evidence and renewed at the close of all the evidence.

We think the evidence introduced in the trial below, when considered in the light most favorable to the plaintiffs, as it must be on motion for judgment as of nonsuit, is sufficient to withstand such motion.  *Carson v. Doggett,* 231 N.C. 629, 58 S.E. 2d 609; *Winfield v. Smith,* 230 N.C. 392, 53 S.E. 2d 251; *Thomas v. Motor Lines,* 230 N.C. 122, 52 S.E. 2d 377; *Bundy v. Powell,* 229 N.C. 707, 51 S.E. 2d 307; *Pascal v. Transit Co.,* 229 N.C. 435, 50 S.E. 2d 534.

By exception duly brought forward to the charge, the defendants contend the court below failed to comply with G.S. 1-180, in that it failed to declare and explain the law arising on the evidence with respect to the defendants' Further Answer and Defense, and the statutes pleaded therein; and to explain the law applicable to the facts as they might be found by the jury from the evidence.

The General Assembly in 1949 rewrote G.S. 1-180, which now reads as follows: "No judge, in giving a charge to the petit jury, either in a civil or criminal action, shall give an opinion whether a fact is fully or sufficiently proven, that being the true office and province of the jury, but he shall declare and explain the law arising on the evidence given in the case.  He shall not be required to state such evidence except to the extent necessary to explain the application of the law thereto; provided the judge shall give equal stress to the contentions of the plaintiff and defendant in a civil action, and to the state and defendant in a criminal action."

A careful examination of the charge discloses that the court defined actionable negligence and proximate cause in general terms; that the court instructed the jury that it would give it certain statutes which the jury would apply to the facts as found by it from the evidence in the case. Whereupon the court read to the jury certain statutes applicable to the operation of motor vehicles on the public highways, with respect to brakes, signals on starting, stopping or turning, reckless driving, speed restrictions, overtaking a vehicle, and the duty of a driver to give way to overtaking vehicle.  However, no application of the law embodied in the statutes was made to the evidence given in the case.  Briefly stated, the jury was instructed that the violation of any one or more of these statutes by the driver of the defendants' truck would constitute negligence *per se,* and if the jury should find from the evidence and by its greater weight that the driver of the defendants' truck violated one or more of these statutes which the court read to the jury, the plaintiffs would be entitled to have the jury answer the first issue Yes, if the plaintiffs had satisfied

the jury from the evidence and by its greater weight that such negligence on the part of the driver of the defendants' truck was the proximate cause of the plaintiff's injuries. The remainder of the charge dealt exclusively with the burden of proof, damages and the contentions of the parties. Nowhere in the charge did the court explain the law applicable to the evidence upon which the defendants' contentions were based, should the jury find the facts from the evidence to be as contended by them. Such omission constitutes a failure to comply with the provisions of G.S. 1-180. *Collingwood v. R. R.*, 232 N.C. 724, 62 S.E. 2d 87; *S. v. Ardrey*, 232 N.C. 721, 62 S.E. 2d 53; *S. v. Herbin*, 232 N.C. 318, 59 S.E. 2d 635; *S. v. Sutton*, 230 N.C. 244, 52 S.E. 2d 921; *S. v. Fain*, 229 N.C. 644, 50 S.E. 2d 904; *Lewis v. Watson*, 229 N.C. 20, 47 S.E. 2d 484, and cases cited; *Spencer v. Brown*, 214 N.C. 114, 198 S.E. 630; *Nichols v. Fibre Co.*, 190 N.C. 1, 128 S.E. 471; *Bowen v. Schnibben*, 184 N.C. 248, 114 S.E. 170. "Where a statute appertaining to the matters in controversy provides that certain acts of omission or commission shall or shall not constitute negligence, it is incumbent upon the judge to apply to the various aspects of the evidence such principles of the law of negligence as may be prescribed by statute, as well as those which are established by common law. *Orvis v. Holt*, 173 N.C. 233; *Matthews v. Myatt*, 172 N.C. 232." *Bowen v. Schnibben, supra.* It is not sufficient merely for the court to read a statute bearing on the issues in controversy and leave the jury unaided to apply the law to the facts. *S. v. Sutton, supra; Lewis v. Watson, supra.* It is the duty of the court to state the evidence "to the extent necessary" and to declare and explain the law as it relates to the pertinent aspects of the testimony offered. *Smith v. Kappas*, 219 N.C. 850, 15 S.E. 2d 375. And the duty of the court to declare and explain the law arising on such evidence remains unchanged by the present provisions of G.S. 1-180.

For the error pointed out there must be a new trial, and it is so ordered.

New trial.