67 S.E.2d 498 (1951)
234 N.C. 531
STATE
v.
WASHINGTON.
No. 507.
Supreme Court of North Carolina.
November 21, 1951.
*500 Atty. Gen. Harry McMullan and Asst. Atty. Gen. Claude L. Love, for the State.
Richard M. Welling, Charlotte, for defendant, appellant.
JOHNSON, Justice.
All the evidence offered at the trial below shows that the deceased, and not the defendant, was the aggressor. The defendant's evidence indicates that she was entirely free from fault and never fought willingly and unlawfully. Her evidence further shows that the deceased made a violent attack upon her. First he assaulted her with his fists, knocking her down an embankment; and then struck her several blows with a large stick. Following this, while attempting to drag her away from the people who were standing by, he declared it was his purpose to take her out of sight and kill her. She begged the deceased to stop beating her, and it was only after he announced his intention to take her elsewhere and kill her that she stabbed him in a vital spot.
It thus appears that the defendant's evidence, if believed, showed she was defending against a murderous, as distinguished from an ordinary nonfelonious, assault.
The defendant contends, and our examination of the record discloses, that the trial court failed to instruct the jury as to the law applicable to this phase of the defendant's evidence in compliance with the mandatory requirements of G.S. § 1-180, as rewritten by Chapter 107, Session Laws of 1949. This statute requires the presiding judge to declare and explain the law as it relates to the different aspects of the evidence on each side of the case, so as to bring into focus the relations between the different phases of the evidence and the applicable principles of law. State v. Fain, 229 N.C. 644, 50 S.E.2d 904; Lewis v. Watson, 229 N.C. 20, 47 S.E.2d 484; State v. Bryant, 213 N.C. 752, 197 S.E. 530.
In State v. Hough, 138 N.C. 663, at page 667, 50 S.E. 709, at page 711, Brown, J., said: "There is a distinction made by the text-writers on criminal law, which seems to be reasonable and supported by authority, between assaults with felonious intent and assaults without felonious intent. `In the latter the person assaulted may not stand his ground and kill his adversary if there is any way of escape open to him, though he is allowed to repel force with force and give blow for blow. In the former class, where the attack is made with murderous intent, the person attacked is under no obligation to fly, but may stand his ground and kill his adversary, if need be.' 2 Bishop's Criminal Law, § 6333, and cases cited. It is said in 1 East, Pleas of the Crown, 271: `A man may repel force by force in defense of his person, habitation, or property against one who manifestly intends or endeavors by violence to commit a felony, such as murder, rape, burglary, robbery, and the like, upon either. In these cases he is not obliged to retreat, but may pursue his adversary until he has secured himself from all danger, and, if he kill him in so doing, it is called justifiable self-defense.' The American doctrine is to the same effect. See State v. Dixon, 75 N.C. 275."
In State v. Blevins, 138 N.C. 668, at page 670, 50 S.E. 763, at page 764, with Hoke, J., speaking for the Court, it is stated: "* * * that where a man is without fault, and a murderous assault is made upon himan assault with intent to killhe is not required to retreat, but may stand his ground, and if he kill his assailant, and it is necessary to do so in order to save his *501 own life or protect his person from great bodily harm, it is excusable homicide, and will be so held * * *; this necessity, real or apparent, to be determined by the jury on the facts as they reasonably appeared to him." See also State v. Thornton, 211 N.C. 413, 190 S.E. 758; State v. Bost, 192 N.C. 1, 133 S.E. 176; State v. Dixon, 75 N.C. 275; State v. Harris, 46 N. C. 190.
The failure of the trial court to instruct the jury in accordance with this settled principle of law, under which are fixed the rights of a person upon whom a murderous assault is made, undoubtedly weighed heavily against the defendant. That this is so seems all the more likely in view of the following instruction given the jury by the trial court, to which the defendant excepted: "Now, gentlemen, where a person brings on a difficulty and is responsible for the fight, if his assailant presses him harder than he anticipated, then before such person could claim that he or she was fighting in self-defense, the law provides that the person must quit the fight, retreat to the wall, quit the combat, and go away, if he can do so in safety, before he or she can claim self-defense. If their back is already to the wall, even though they bring on the difficulty, if they cannot retreat without subjecting themselves to the hazard and danger of great bodily harm or death, then they can still stand their ground and deliver blow for blow and may claim self-defense."
This instruction is correct as a general statement of one phase of the law of selfdefense. However, since the record here discloses no evidence tending to show that the defendant brought on the difficulty or was the aggressor, it necessarily follows that the instruction as it relates to the evidence in this case was partially inapplicable, incomplete and misleading. State v. Lee, 193 N.C. 321, 136 S.E. 877; State v. Waldroop, 193 N.C. 12, 135 S.E. 165.
For the reasons given, it would seem that the defendant is entitled to another trial, and it is so ordered. This being so, it is not necessary to review the remaining assignments of error.
New trial.