DANIEL GILLIS HAWKINS, by His Next Friend, EDGAR CARLISLE HAWKINS, v. CHARLES H. SIMPSON and NORTH STATE MILLING COMPANY, a Corporation.

(Filed 30 January, 1953.)

**1. Automobiles §§ 17, 18i—**

When presented by the evidence adduced, it is incumbent upon the court to instruct the jury with respect to the duty imposed by law upon a motorist to avoid injuring children whom he sees or by the exercise of reasonable care should see on or near the highway.

**2. Trial § 31b—**

A declaration of the law in general terms, together with a statement of the contentions of the parties, is insufficient, but the court should also declare and apply the law to every substantial and essential feature of the case arising on the evidence, even without a prayer for special instructions. G.S. 1-180.

APPEAL by plaintiff from *Sink, J.,* September Civil Term, 1952, of GUILFORD (Greensboro Division).

This is a civil action to recover damages for personal injuries sustained by the plaintiff, a twenty-seven months' old child, resulting from the alleged negligence of the defendant, Charles H. Simpson, an agent and employee of the corporate defendant, who, at the time of the accident complained of was acting within the scope of his employment.

According to the evidence, on 5 September, 1951, about 1:00 p.m., the plaintiff, Daniel Gillis Hawkins, while standing on or near the edge of the traveled portion of an unpaved street (Fowler Street, High Point, N. C.), was hit and injured by an automobile owned by the corporate defendant and operated by the individual defendant.

Issues were submitted to the jury and the first one answered as indicated:

"1. Was the plaintiff, Daniel Gillis Hawkins, injured as a proximate result of the negligence of the defendants, as alleged in the complaint?

"Answer: No.

"2. If so, what amount in damages is he entitled to recover?

"Answer: ... ... ... ."

Judgment was entered on the verdict and the plaintiff appeals and assigns error.

*Schoch & Schoch for plaintiff, appellant.*
*Jordan & Wright for defendants, appellees.*

DENNY, J.   G.S. 1-180 provides that the trial judge "shall declare and explain the law arising on the evidence given in the case." The appellant, by exceptions and assignments of error based thereon, points out specifically wherein he contends the court in the trial below failed to instruct the jury on the substantial features of the case.

An examination of the charge discloses that the trial court defined actionable negligence and proximate cause in general terms and then proceeded to give the contentions of the parties, instruct the jury as to the burden of proof and as to the measure of damages should the jury reach that issue.   However, the court did not declare and explain the law arising on the evidence in the case.   The plaintiff, a child twenty-seven months of age, was entitled, among other things, to have the court instruct the jury with respect to the duty imposed by law upon a motorist to avoid injuring children whom he may see, or by the exercise of reasonable care should see, on or near the highway.   *Hughes v. Thayer,* 229 N.C. 773, 51 S.E. 2d 488; *Sparks v. Willis,* 228 N.C. 25, 44 S.E. 2d 343; *Rea v. Simowitz,* 225 N.C. 575, 35 S.E. 2d 871, 162 A.L.R. 999; *S. v. Gray,* 180 N.C. 697, 104 S.E. 647.

In the case of *S. v. Merrick,* 171 N.C. 788, 88 S.E. 501, *Hoke, J.,* in speaking for the Court, said: "The authorities are at one in holding that, both in criminal and civil causes, a judge in his charge to the jury should present every substantial and essential feature of the case embraced within the issue and arising on the evidence, and this without any special prayer for instructions to that effect."

It has been repeatedly held by this Court that a statement of the contentions of the parties together with a bare declaration of the law in general terms is not sufficient to meet the requirements of the provisions of G.S. 1-180. It is imperative that the law be declared, explained, and applied to the evidence bearing on the substantial and essential features of the case. *S. v. Brady,* 236 N.C. 295, 72 S.E. 2d 675; *Howard v. Carman,* 235 N.C. 289, 69 S.E. 2d 522; *S. v. Washington,* 234 N.C. 531, 67 S.E. 2d 498; *Chambers v. Allen,* 233 N.C. 195, 63 S.E. 2d 212; *Flying Service v. Martin,* 233 N.C. 17, 62 S.E. 2d 528; *S. v. Ardrey,* 232 N.C. 721, 62 S.E. 2d 53; *S. v. Herbin,* 232 N.C. 318, 59 S.E. 2d 635; *S. v. Sutton,* 230 N.C. 244, 52 S.E. 2d 921; *S. v. Fain,* 229 N.C. 644, 50 S.E. 2d 904; *Lewis v. Watson,* 229 N.C. 20, 47 S.E. 2d 484; *Ryals v. Contracting Co.,* 219 N.C. 479, 14 S.E. 2d 531; *Spencer v. Brown,* 214 N.C. 114, 198 S.E. 630; *Williams v. Coach Co.,* 197 N.C. 12, 147 S.E. 435; *Nichols v. Fibre Co.,* 190 N.C. 1, 128 S.E. 471.

The plaintiff is entitled to a new trial and it is so ordered.

New trial.