JOHN EDWARD WOOD v. MOZELLE WOOD NELSON and W. C. NELSON

No. 6919SC207

(Filed 23 July 1969)

1. Cancellation and Rescission of Instruments § 10;   Fraud § 12—
   action to set aside deed — promissory misrepresentation — sufficiency
   of evidence

   In this action to set aside a deed on the ground of fraud, plaintiff's
   evidence *is held* sufficient to be submitted to the jury where it tends to

show that plaintiff executed the deed to defendant, his daughter, upon defendant's agreement that plaintiff should retain the deed unrecorded for his lifetime so that he would have a place to live and the income from the property during his lifetime, that defendant daughter was to place the deed with plaintiff's other valuable papers kept by her until plaintiff could place the deed in his lock box, but that defendant had the deed recorded and moved onto the property, and that since the death of his first wife, plaintiff had placed special trust and confidence in defendant daughter.

**2. Fraud § 3— promissory misrepresentation**

A promissory misrepresentation may constitute the basis of fraud when it is made to mislead the promisee, and the promisor, at the time of making the promise, has no intent to comply therewith, since in such instance the state of mind of the promisor is a subsisting fact.

**3. Trial § 38— failure to give tendered instructions**

The trial court did not err in refusing to give instructions tendered by defendant where the tendered instructions were handwritten but not signed as required by G.S. 1-181(3), and the court in substance gave the requested instructions which were supported by the evidence.

**4. Cancellation and Rescission of Instruments § 11; Trial § 33— action to set aside deed — instructions — failure to apply law to evidence**

In this action to set aside a deed on the ground of a fraudulent promissory representation by defendant, the trial court erred in failing to declare and explain the law arising on the evidence as required by G.S. 1-180 where the court gave a general abstract statement of the law relating to promissory representation but failed to explain to the jury what facts it would have to find in order to establish a promissory representation.

APPEAL by defendant Mozelle Wood Nelson from *Seay, J.,* 2 December 1968 Session, Superior Court of RANDOLPH.

This is an action to have a deed set aside on the ground of fraud or, in the alternative, to have the deed declared null and void by reason of nondelivery or conditional delivery. Defendant Mozelle Wood Nelson is the only child of plaintiff. Defendant W. C. Nelson is her husband. At the close of plaintiff's evidence, plaintiff took a voluntary nonsuit as to W. C. Nelson.

Two issues were submitted to the jury: (1) Was the plaintiff induced to execute a deed to the defendant Mozelle Wood Nelson for the property described in the complaint by the false and fraudulent representation of Mozelle Wood Nelson? and (2) Did the plaintiff deliver the deed to the defendant Mozelle Wood Nelson with the intent that the title to said property should immediately pass to her?

The jury answered the first issue "Yes" and, therefore, did not answer the second issue.

From the entry of judgment in favor of plaintiff, defendant appealed.

*Miller, Beck and O'Briant by Adam W. Beck for plaintiff appellee.*

*Morgan, Byerly, Post and Keziah by Edward M. Post for defendant appellant.*

Morris, J.

Plaintiff alleges, in substance, that on or about 12 April 1965, at the instance of his daughter, he executed a deed to her of property described in the complaint; that prior to the execution of the deed she agreed and promised that the deed would not be recorded until after plaintiff's death; that the deed would be retained by plaintiff and kept in his lock box until his death so that he would have the right to dispose of the property at any time he chose during his lifetime; that it was specifically understood and agreed that title would not pass to the daughter until after plaintiff's death; that the daughter arranged with a law firm in High Point for the deed to be prepared, and plaintiff went to the law office and executed the deed; that the daughter was to carry the deed back to her home and then give it to plaintiff to place in his lock box; that instead of giving the deed to the plaintiff, the daughter, on 16 April 1965, had the deed recorded and requested the Register of Deeds to attach a notice to the deed as recorded requesting the local papers not to publish the recordation of the deed; that at the time of the execution of the deed and as inducement therefor the defendant expressly declared, promised, and represented that the deed would not be recorded during plaintiff's lifetime; that during all times since the death of his wife plaintiff had reposed special trust and confidence in his daughter, his only child, and relied upon her; that the promises made by her not to record the deed were false and fraudulent and known by defendant to be false and fraudulent at the time they were made; that plaintiff entrusted the deed to his daughter for the purpose of placing it with his valuable papers located at her home until such time as he had the opportunity to pick it up for deposit in his lock box at High Point; that such entrustment was not intended by the plaintiff as a delivery of the deed to her and the registration thereof was without his knowledge or consent and contrary to his express instructions.

The defendant denied all allegations of fraud and fraudulent representations, denied any special confidence and trust reposed in defendant Mozelle Nelson by plaintiff, denied that the deed was not to be recorded, and averred that the deed was prepared at the request of plaintiff and was recorded at his instructions; that the plaintiff asserted that he wanted to make a gift to his daughter of the property but did not want the transfer known to his prospective second wife.

[1]    Defendant contends that there was not sufficient evidence of fraud for the submission of the first issue to the jury. Plaintiff's evidence tended to show that defendant daughter had heard that plaintiff intended to remarry and she told plaintiff she wanted a deed for the farm to keep it in the family; that plaintiff agreed to execute a deed upon defendant daughter's agreement that he would retain the deed unrecorded for his lifetime so that he would have a place to live and the income from the property during his lifetime; that there was an agreement that the fact that a deed had been executed would not be disclosed to anyone even defendant daughter's husband; that the defendant daughter had the deed prepared, came by plaintiff's farm and told him and he went with her to a law firm in High Point and signed the deed; that when he had signed it defendant daughter put it in her pocketbook and was to place it with plaintiff's other valuable papers kept by her at her home until such time as plaintiff could get it and put it in his lock box; that she then carried him home; that later that month, plaintiff got married and went to Florida; that in June 1965 he returned to Randolph County and discovered that the deed had been recorded; that his grandson and his wife were living in the house and defendant daughter and her husband had also moved in; that plaintiff demanded that defendant daughter reconvey the property to him but she refused to do so; that he subsequently did gain possession of the house; that he sold some timber from the land and his daughter objected and demanded the proceeds of sale; that after he signed the deed, his daughter told him that he would have to file a gift tax return; that no tax would be due but she had had such a return prepared and all he had to do was sign it; that he went to the lawyer's office and signed the return just a day or two after he signed the deed, because his daughter told him it was necessary.

Defendant's evidence tended to show that the plaintiff suggested giving defendant daughter the property because he planned to remarry; that he told her to have a deed prepared and that when she advised him this had been done, he took her to the lawyer's office and signed the deed and handed it to her and told her to have it re-

corded when she got time; that when the gift tax return was prepared he again took her to High Point and signed the tax return and again told her to have the deed recorded; that she did so on 16 April 1965 but told the Register of Deeds not to publish it because her father didn't want anyone to know about it; that before plaintiff went to Florida, she and her husband began remodeling the house and when he came back and wanted the house they moved out; that she had not requested the money from the sale of the timber, but that it was placed in escrow pending the outcome of this suit.

The evidence was uncontradicted that since the death of plaintiff's first wife, his daughter and he had been very close. He had had his checking and savings accounts put in their joint names and she was free to withdraw funds therefrom and did at one time withdraw $1500 from his checking account; that she had kept for him all of his valuable papers, including automobile and truck insurance policies, titles, etc. This relationship existed until his remarriage.

[1, 2]    We think the court correctly overruled defendant's motions for nonsuit. "When a representation contains all the elements of fraud except that it is not a representation of an existing fact but is promissory in nature, the 'state of mind' of the promissor is material. If he made the promissory representations merely to mislead the promisee with no intent to comply with the promise, and the other elements of fraud are made to appear, such representations will support an action in fraud notwithstanding the promissory nature of the representation, for the 'state of mind' of the promissor is a subsisting fact. What his condition of mind was at the time and his intent in respect to the fulfillment of the promise presents a question for the jury. (citations omitted.)" *Roberson v. Swain,* 235 N.C. 50, 55, 69 S.E. 2d 15. This assignment of error is overruled.

[3]    Defendant also assigns as error the refusal of the court to give tendered instructions which consisted of defendant's contentions. The instructions tendered were, according to the record, handwritten but not signed as required by G.S. 1-181(3). In any event, it appears that the court in substance gave the requested contentions which were supported by the evidence. This assignment of error is overruled.

[4]    By assignments of error Nos. 10, 11, 12, 14 and 15 defendant complains that the judge failed to apply the law to the evidence. G.S. 1-180 provides that the trial tribunal, in giving a charge to the jury, "shall declare and explain the law arising on the evidence

given in the case." Defendant contends that the court did not ade-
quately perform the function devolving upon it under this portion
of the statute. We agree. In *Lewis v. Watson,* 229 N.C. 20, 23, 47
S.E. 2d 484, Justice Ervin said:

> "The chief purpose of a charge is to aid the jury clearly to com-
> prehend the case, and to arrive at a correct verdict. For this
> reason, this Court has consistently ruled that this statute im-
> poses upon the trial judge the positive duty of instructing the
> jury as to the law upon all of the substantial features of the
> case. *Smith v. Kappas,* 219 N.C. 850, 15 S.E. (2d), 375; *Ryals
> v. Contracting Co.,* 219 N.C., 479, 14 S.E. (2d), 531; *Williams
> v. Coach Co.,* 197 N.C., 12, 147 S.E., 435; *Wilson v. Wilson,*
> 190 N.C., 819, 130 S.E., 834. If the mandatory requirements of
> the statute are not observed, 'there can be no assurance that the
> verdict represents a finding by the jury under the law and the
> evidence presented.' *Smith v. Kappas, supra.* A litigant does not
> waive his statutory right to have the judge charge the jury as
> to the law upon all of the substantial features of the case by
> failing to present requests for special instructions. *Smith v.
> Kappas, supra; Spencer v. Brown,* 214 N.C., 114, 198 S.E., 630.
> Moreover, the mandate of the statute is not met by a 'state-
> ment of the general principles of law, without application to
> the specific facts involved in the issue.' *Ryals v. Contracting
> Co., supra; Mack v. Marshall Field & Co.,* 218 N.C., 697, 12
> S.E. (2d), 235; *Nichols v. Fibre Co.,* 190 N.C., 1, 128 S.E., 471.
> The judge must declare and explain the law 'as it relates to the
> various aspects of the testimony offered.' *Smith v. Kappas,
> supra.* By this it is meant that the statute requires the judge
> 'to explain the law of the case, to point out the essentials to be
> proved on the one side or the other, and to bring into view the
> relations of the particular evidence adduced to the particular
> issues involved.' 53 Am. Jur., Trial, section 509."

When the challenged instructions are examined in the light of
these principles it is apparent that the court failed to declare and
explain the law arising upon the evidence in this case. After re-
capitulating the evidence, the court discussed fraud, gave a general
abstract statement of the law relating to promissory representation
but failed to make any application to the evidence. The trial judge
failed to explain to the jury what facts it would have to find in
order to establish a promissory representation. These assignments
of error are sustained.

Defendant has abandoned a number of her assignments of error

and in the remaining ones not abandoned we find no prejudicial error.

Because of prejudicial error in the court's charge to the jury, there must be a

New trial.

CAMPBELL and BROCK, JJ., concur.