P. J. COBLE, INDIVIDUALLY AND T/A P. J. COBLE CONSTRUCTION CO. v. MARTIN FIREPROOFING GEORGIA, INC.

No. 7415DC1072

(Filed 7 May 1975)

Rules of Civil Procedure § 51— failure to apply law to evidence
    The trial court in a breach of contract action failed to declare and explain the law arising on the evidence in violation of G.S. 1A-1, Rule 51(a) where the court merely recapitulated the evidence, stated the parties' contentions, and recited certain general principles of contract law.

APPEAL by defendant from *Paschal, Judge*. Judgment entered 26 July 1974 in District Court, ALAMANCE County. Heard in the Court of Appeals 8 April 1975.

Plaintiff is a general contractor engaged in the construction of commercial and industrial buildings. Defendant is a manufacturer of roof deck. This action arises from a claim by the plaintiff against the defendant for breach of a contract to furnish labor and materials for the construction of the roof on the Hillsborough School Gymnasium in Orange County.

It is plaintiff's contention that defendant submitted an offer to him to furnish labor and materials for the roof of the gymnasium. Plaintiff accepted the offer and, in reliance, submitted a bid for the construction of the building. When plaintiff was awarded the contract, he called on defendant to perform. Defendant refused, and plaintiff was forced to secure other services at a price $5,533.00 above defendant's offer.

Defendant contends that the contract never existed because it was never approved by an authorized officer of Martin Fireproofing. The offer was first extended by one W. C. Bull, a salesman for defendant, but was never signed in the spaces marked "Approved . . . By." Alternatively the defendant contends that even if a contract existed, the plaintiff's claim should not be allowed in that defendant was never given a chance to perform.

The jury found that a contract between plaintiff and defendant existed and that defendant breached the contract, entitling plaintiff to $5,000.00 damages. Defendant appeals.

*Vernon, Vernon & Wooten, by Wiley P. Wooten, for the plaintiff-appellee.*

*Latham, Cooper and Ennis, by Thomas D. Cooper, Jr., for the defendant-appellant.*

BROCK, Chief Judge.

The resolution of a single argument is all that is necessary for the disposition of this appeal: Did the trial court violate the mandate of G.S. 1A-1, Rule 51(a), by failing to "declare and explain the law arising on the evidence?" We agree with defendant that it did, and order a new trial.

The charge given by the trial court merely recapitulated the evidence, stated the parties' contentions, and recited certain gen-

---

In re Cooke

---

eral principles of contract law. This will not suffice. *Investment Properties v. Norburn,* 281 N.C. 191, 188 S.E. 2d 342 (1971). The law must be declared, explained, and applied to the evidence bearing on the substantial and essential features of a case. *Hawkins v. Simpson,* 237 N.C. 155, 74 S.E. 2d 331 (1953).

New trial.

Judges PARKER and ARNOLD concur.