A. J. BRADSHAW, PETITIONER, v. WILLARD WARREN AND WIFE, MARY WARREN, RESPONDENTS.

(Filed 19 April, 1939.)

1. **Boundaries § 1—Instruction in this processioning proceedings held erroneous in failing to sufficiently state the evidence and explain law arising thereon.**

The parties to this processioning proceedings owned adjoining lots in a subdivision and their deeds made identical references to a registered survey and blueprint of the subdivision. The front of the lots consti-tuted a straight line and petitioner contended that the dividing line between the lots should be at right angles to the front line as shown by the registered blueprint; although the course called for in the deeds did not make a right angle and the course described in the registered blueprint did not agree with the course in the deeds or the line as drawn. There was some evidence of an actual survey upon the land and the setting out of markers at the time respondents purchased their lot. *Held:* The court should have instructed the jury as to the establishment of the corner by configuration of the actual lines of the lots in question and those adjacent thereto as shown by the map; the relative importance of the different elements of the descriptions in the deeds; and the actual corners placed upon the land at the time respondents purchased their lot if sustained by the

evidence; and an instruction merely giving the respective lines on the map as contended for by the parties and explaining the effect of the adoption of one or the other of them is insufficient, C. S., 564.

**2. Pleadings § 23—**

Where new trial is awarded on appeal, a motion to be allowed to amend is more properly made in the trial court after the certification of the opinion, rather than in the Supreme Court.

**3. Same—**

A motion to be allowed to amend is addressed to the discretion of the trial court, but such discretion should be liberally exercised in aid of justice.

APPEAL by petitioner from *Warlick, J.,* at January Special Term, 1939, of CALDWELL. New trial.

*Townsend & Townsend for petitioner, appellant.*
*G. W. Klutz and R. L. Huffman for respondents, appellees.*

SEAWELL, J. This was a processioning proceedings brought by A. J. Bradshaw against Willard Warren and wife, Mary Warren, to determine the location of the dividing line between their respective properties.

The litigant parties owned adjoining lots in a real estate development lying upon the highway between Lenoir and Blowing Rock. It is conceded that the line on the highway bounding the development and the lots of the litigants is a straight line running north 10½ degrees west. The petitioner contends that the true dividing line makes a right angle with this boundary, although the call in his deed and *mesne* conveyances is mistakenly marked on the map "North 89½ degrees West." The respondents contend that the true line must be located on the ground in accordance with the course named in the deeds.

The description in petitioner's deed carries forward the descriptions from the *mesne* conveyances referred to, a significant portion of which is: "Being Lot No. 2, as shown on the plat of the L. E. Dimette and S. S. Jennings subdivision, said plat being made by M. M. Williams, Civil Engineer, on March 10, 1926, and registered in the office of the Register of Deeds for Caldwell County, North Carolina, in Book of Plats No. 1, at page 47, to which plat and the record thereof reference is hereby made for a more definite description."

The respondents' land is described as: "Being Lot No. 1 of the lands of S. S. Jennings and L. E. Dimette, as shown on plat made by M. M. Williams, Civil Engineer, on March 10, 1936, which plat is of record in the office of the Register of Deeds of Caldwell County, North Carolina, in Plat Book No. 1, and page 47, reference being hereby made to the said plat and the record thereof for greater certainty of description."

The parties, therefore, claim by similar descriptions. There are further references by way of description, which at this time do not aid us, since the deeds to which they refer are not in evidence.

The configuration of the lines, as shown on the plat to which reference is made in the deeds, shows the line in question, as well as other lines dividing the lots in the development, at a 90 degree angle to the eastern boundary referred to, bordering both lots on the highway. The stated course of this line, however, as marked on the map (blueprint), is "South 89½ degrees East," which would be an incorrect notation if the shape of the lots, as indicated in the plat, is to be consulted.

There was some evidence in the case that at the time of the purchase of Lot No. 1 by respondents there were markers of an actual survey upon the land, that is, an iron stake at the highway and at the other end of the line. The evidence is not clear as to where this was. There was other evidence of actual survey on the ground when the subdivision was mapped.

The petitioner complains that the charge of the court was insufficient as a statement of the evidence and the application of the law thereto required by C. S., 564, and we think there is merit in his exception.

Beyond instructing the jury substantially that it was their duty, under the evidence, to decide which of the two suggested lines—the one in black representing the petitioner's contention and the one in red representing the respondents' contention—was the true line and explaining the effect upon the several properties which would be caused by the adoption of one or the other, or the shifting of the lines, there is little in the charge to enable the jury to pass upon the evidence in the light of the law.

There are a number of elements to be considered on the question of the true location of the dividing line beside that of the course marked on the map, amongst them the actual configuration of the blueprint referred to in the several deeds showing lines running at right angles from the highway, and the substantive evidence which this affords of the true location; the distances of the lines set down in the map and their relation to each other; the comparative importance which the law attaches to the different elements of description in deeds, and their inter-relation; and the actual marks of the survey upon the ground, according to which the land may have been purchased, should the evidence be susceptible to such inference.

For example, another straight line is shown upon the map bounding respondents' lot and running from the highway south 59½ degrees east 340 feet to this dividing line and continuing in the same direction 149 feet thence to a stake on the bank of Briars Fork Creek. This lot is a triangle, and the other sides of it measure respectively 200 feet and 275 feet. This is some evidence bearing upon the issue as tending to show,

by mathematical calculation, where the true corner of respondents' lot is located in the line referred to and as fixing the location of the dividing line, and as to whether the dividing line, according to such calculation, makes a right angle with the highway.

The examination of the court surveyor discloses other conditions in the plat (and possible discrepancies), which is referred to for the purpose of more certain description in the deeds of both petitioner and the respondents, which have a bearing on the location of the line. Witnesses testified as to lines actually run upon the ground when the original survey of the development was made. All these were subjects of proper and, we think, necessary instruction as to the law involved.

It is not our purpose now to suggest what instructions might be given to the jury on the evidence as it may be presented on a new trial, since we are not considering the subject of erroneous instructions but the absence of sufficient instructions.

The petitioner moved in this Court to be allowed to amend his petition. Such a motion would be made more properly in the court below, to which the case is sent back for a new trial. While such a motion is ordinarily in the discretion of the trial court, that discretion should be liberally used in aid of justice.

There must be a

New trial.