DOVIE J. FINCH v. ROBERT MENIUS WARD, ORIGINAL PARTY DEFENDANT, AND HOWARD R. FINCH, ADDITIONAL PARTY DEFENDANT.

(Filed 30 September, 1953.)

**1. Automobiles § 18b—**

In the absence of anything which gives notice to the contrary, the driver of an automobile may assume and act on the assumption that others will exercise due care for their own safety and will observe the traffic laws involved.

**2. Trial § 31b—**

It is the duty of the trial court to instruct the jury on all substantial features of the case arising on the evidence whether there is a prayer for special instructions or not, and the court's failure to do so must be held for error. G.S. 1-180.

**3. Automobiles §§ 8i, 18i—Charge held erroneous for failure to charge law as to right of way at intersection.**

In this case involving a collision at an intersection, *it is held* that upon the cross action of one defendant driver against the other driver, the appealing defendant was entitled to instructions as to the law upon his contention that he had the right of way at the intersection and had the right to assume that the driver of the other car would observe the rules prescribed by statute, G.S. 20-155, which arose upon his evidence tending to show that he was first in the intersection and that the driver of the other car approached the intersection from the left at excessive speed, and crashed into his car when the front of his car was two feet over the center line.

APPEAL by defendant, Howard R. Finch, from *Parker, J.,* February Term, 1953, of NASH.   New trial.

This action grew out of a collision between automobiles at the intersection of North Swain Street and East Edenton Street in the city of Raleigh.

Dovie J. Finch, a passenger in one of the automobiles, sued defendant Ward, driver of the other automobile, for damages for personal injury sustained as result of the collision which was alleged to have been due to the negligence of defendant Ward.   The defendant Ward denied the allegations of negligence, and alleged that plaintiff's injury was due to the negligence of Howard R. Finch, the driver of the automobile in which plaintiff Dovie Finch was a passenger, and asked that Howard R. Finch be made party in order to secure contribution in case plaintiff should recover.   Howard R. Finch was made party, and defendant Ward filed cross-complaint against him alleging that he was joint tort-feasor, and asked contribution.

Howard R. Finch then filed answer to the cross-complaint of defendant Ward denying negligence on his part, alleging that the defendant Ward's negligence was the sole proximate cause of the collision, and further alleged that he, Howard R. Finch, suffered a personal injury as result of the collision, that this was due to the negligence of defendant Ward, and he prayed that he recover damages therefor.

Out of these pleadings and the evidence offered issues arose and were submitted to and answered by the jury as follows:

"1. Was the plaintiff Dovie J. Finch injured by the negligence of the defendant Robert Menius Ward, as alleged in the complaint?

"Answer:  Yes.

"2. Was the defendant Howard R. Finch injured by the negligence of Robert Menius Ward, as alleged in the answer of Howard R. Finch?

"Answer:  Yes.

"3. If so, did the defendant Howard R. Finch contribute to his injuries, and to those of the plaintiff, Dovie J. Finch, by his own negligence, as alleged in the answer of Robert Menius Ward?

"Answer:  Yes.

"4. What damages is Dovie J. Finch entitled to recover?

"Answer:  $5,000.

"5. What damages is Howard R. Finch entitled to recover?

"Answer   . ...........''

*O. B. Moss for Howard R. Finch, appellant.*

*Battle, Winslow & Merrell for defendant Robert Menius Ward, appellee.*

DEVIN, C. J. The verdict of the jury on the third issue established the negligence of defendant Howard R. Finch as contributing to his own injury and to the injury of the plaintiff Dovie J. Finch, thus affording basis for denying him recovery for his own injuries and for judgment over against him for contribution as joint tort-feasor. Defendant Howard R. Finch contends that in these respects a wrong conclusion was reached, and he brings the case here for review, assigning errors of omission in the charge of the court in that the court failed to charge the jury as to material phases of the case favorable to his contentions.

According to the testimony offered by the plaintiff and defendant Howard R. Finch (the defendant Ward offered none), on 21 January, 1951, Dovie J. Finch was a passenger in an automobile driven by Howard R. Finch, her husband, and proceeding north along North Swain Street in Raleigh. As Finch approached the intersection with East Edenton Street he reduced the speed of his automobile, looked both ways along Edenton Street, and, seeing nothing, proceeded slowly into East Edenton Street at a rate of speed he placed at 3, 4, or 5 miles per hour. When he reached a point near the center of Edenton Street, with the front of his car 2 feet over the center line, his automobile was violently struck by the automobile driven by defendant Ward at a very fast rate of speed and both he and plaintiff Dovie J. Finch sustained serious injuries. Edenton Street is 42 feet wide and Swain Street is 28 feet wide. Both streets are paved at the intersection from curb to curb. Though East Edenton Street was the wider of the two, there was nothing to indicate that East Edenton Street was to be regarded as dominant. On the southwest corner of the intersection is a wall which would somewhat obstruct the view of one approaching along Edenton Street from the west. The sidewalk between the wall and the street is 5 feet wide. Looking west from the intersection along Edenton Street an automobile can be seen from a distance of 150 or 200 feet. Defendant Ward offered no evidence and has not appealed.

There is no exception to the charge of the court. The error complained of by the appellant is the court's failure to charge on certain material phases of the testimony.

The defendant Finch calls attention to the evidence offered showing that as he entered the street intersection the defendant was approaching from his left; that he was on the right and had already entered the intersection before the defendant Ward arrived, and that he had the right of way under G.S. 20-155; that he had the right to assume the driver of an automobile coming from his left would observe the rules prescribed by statute. He contends that if his evidence and that of plaintiff be accepted, he was entitled to have submitted to the jury his contention that the negligence of defendant Ward was the sole proximate cause of the collision, and failing that, that the law applicable to his evidence in respect to the

manner of his entering the intersection in the light of the statute should have been given to the jury. *Bennett v. Stephenson,* 237 N.C. 377, 75 S.E. 2d 147; *Cox v. Freight Lines,* 236 N.C. 72, 72 S.E. 2d 25; *S. v. Hill,* 233 N.C. 61, 62 S.E. 2d 532. It has been repeatedly declared by this Court that in the absence of anything which gives notice to the contrary the driver of an automobile may assume and act on the assumption that others will exercise due care for their own safety and will observe the traffic laws involved. *Guthrie v. Gocking,* 214 N.C. 513, 199 S.E. 707; *Reeves v. Staley,* 220 N.C. 573, 18 S.E. 2d 239; *Hill v. Lopez,* 228 N.C. 433, 45 S.E. 2d 539; *Morgan v. Saunders,* 236 N.C. 162, 72 S.E. 2d 411.

An examination of the judge's charge when viewed in connection with the assignments of error in these respects leads us to the conclusion that the appellant's contentions should be sustained. It is the duty of the court to instruct the jury on all substantial features of the case arising on the evidence whether there is a prayer for special instructions or not, and the court's failure to do so will be held for error. *Adams v. Service Co.,* 237 N.C. 136, 74 S.E. 2d 332; *Howard v. Carman,* 235 N.C. 289, 69 S.E. 2d 522; *Smith v. Kappas,* 219 N.C. 850, 15 S.E. 2d 375; *Mack v. Marshall Field & Co.,* 218 N.C. 697, 12 S.E. 2d 235; *Spencer v. Brown,* 214 N.C. 114, 198 S.E. 630. The statute G.S. 1-180 makes it incumbent upon the trial judge to "declare and explain the law arising on the evidence given in the case."

We think there should be a new trial upon such issues as may properly determine the question of the negligence of defendant Howard R. Finch under the allegations in the pleadings and the evidence offered, and the respective rights of the parties defendant between themselves.

New trial.