E. MAXWELL AMMONS, SR., AND WIFE, MARY M. AMMONS, v. THE NORTH AMERICAN ACCIDENT INSURANCE COMPANY.

(Filed 20 March, 1957.)

**1. Trial § 31b—**

> It is the duty of the trial court to apply the law to all substantial features of the case arising on the evidence. G.S. 1-180.

**2. Insurance § 41—**

In this action on an insurance policy to recover for death from accidental bodily injury, the charge of the court, given in response to request by the jury for additional instructions, defining the word "accident" without applying the law to the facts in evidence, *held* prejudicial.

APPEAL by plaintiff from *Clarkson, J.,* 24 September, 1956 Civil Term, BUNCOMBE Superior Court.

Civil action to recover insurance benefits under a policy issued by the defendant payable to the plaintiffs in case of death of the insured, E. Maxwell Ammons, Jr., "resulting directly, independently, and exclusively of all other causes from accidental bodily injury effected while this policy is in force."

The evidence disclosed that on 15 April, 1954, at about three o'clock, a.m., the police officers of the City of Asheville, while on patrol, observed a car which passed them and continued on the left-hand side of the street. The officers gave chase and when the car did not obey the stop signal by siren and spotlight, the officers, being unable to overhaul the car, alerted the sheriff and the latter's deputies picked up and continued the chase at the time the speeding automobile left the city limits. However, the car turned back into the city at a high rate of speed, ran across a number of street intersections, and, in making a turn, crashed. The insured was the lone occupant. He sustained bodily injuries from which he died during the day. No evidence of contraband was found on the car and no violation of the law by the insured was shown other than the speed and reckless driving which occurred after the chase started. The defendant did not offer evidence.

The court submitted to the jury the following issue:

"1. Was the plaintiffs' intestate E. Maxwell Ammons, Jr.'s death caused by an accident which resulted directly, independently and exclusively of all other causes from accidental bodily injury, as set forth in the policy issued by the defendant, and attached to the complaint, and marked Exhibit 'A'?"

The parties stipulated that the court should answer the issue as to the amount of recovery in accordance with the jury's answer to the first issue. The jury answered the first issue, "No," and from the judgment based on the verdict, the plaintiff appealed, assigning as error the further instruction given to the jury at its request.

*J. W. Haynes for plaintiffs, appellants.*
*Carl W. Greene for defendant, appellee.*

HIGGINS, J.   After deliberating for some time the jury returned to the courtroom and the following took place:

Court: "Have you arrived at a verdict?"

Juror: "No, your Honor, we have not.  We have returned to ask for further clarification of point one."

Court: "What point is that?"

Juror: "If I may read it (here juror read the first issue)."

Court: "Gentlemen, I have tried to instruct you very fully on what 'accidental' means.  I will be glad to read that to you again if you again would like to hear it.  Our Supreme Court has held as follows: 'We regard it as established by the numerous decisions on the subject that in case of accident insurance as expressed in the general terms of this policy,' (that is, the policy in that particular case, and in that case the word 'accident,' these words were used: 'external, violent and accidental means'), 'that the word "accident" should receive its ordinary and popular definition as an unusual and unexpected occurrence, one that takes place without the foresight or expectation of the person affected and that in a given case the question is to be determined by reference to the facts as they may affect the holder of the policy, or, rather, the person injured, an event which under the circumstances is unusual and unexpected by the person to whom it happens.'  That is the definition of 'accident' the Supreme Court gave in that case, where the policy was to the effect that where the death had been caused by external, violent and accidental means."

It is obvious from the foregoing that the jurors were uncertain about the law involved and its application to the facts in the case.  In answer to their request for clarification, the learned trial judge quoted from a former opinion of this Court defining the word "accidental" and the term "accidental means."  The court did not apply the law to the facts, thus leaving the jury to make its own application.  "The courts have been rather meticulous . . . in requiring that the law be explained in its connection with the facts in evidence.  We feel that the court was inadvertent to this necessity and the fact that perhaps the jury, being laymen, would not be so apt to see the connection between the principles of law laid down and the facts in the case, which so clearly appears to an experienced lawyer or judge."  *Smith v. Bus Co.*, 216 N.C. 22, 3 S.E. 2d 362.  "It is the duty of the court to instruct the jury on all substantial features of the case arising on the evidence, . . . and the court's failure to do so will be held for error." (citing cases)  "The statute, G.S. 1-180, makes it incumbent on the trial judge to declare and explain the law arising on the evidence given in the case."  *Finch v. Ward*, 238 N.C. 290, 77 S.E. 2d 661.

"Implicit in the meaning of this statute (G.S. 1-180) as interpreted by numerous decisions of this Court is the requirement that the judge

must declare and explain the law as it relates to the various aspects of the evidence . . . in the case." *Bank v. Phillips,* 236 N.C. 470, 73 S.E. 2d 323. "It is the duty of the court to state the evidence to the extent necessary and to declare and explain the law as it relates to the pertinent aspects of the testimony offered (citing cases) and the duty of the court to declare and explain the law arising on such evidence remains unchanged by the present provisions of G.S. 1-180." *Chambers v. Allen,* 233 N.C. 195, 63 S.E. 2d 212; *Finch v. Ward, supra.*

The confusion in the minds of the jurors probably arose with respect to the application of the law to the facts. The evidence was all offered by the plaintiff and was not in dispute. When the court, therefore, charged again as to the law it was its duty to do more than read from the book. It was its duty to apply the law, as given, to the evidence in the case. This the court failed to do. The plaintiffs' assignment of error No. 1, based on exception No. 1, must be sustained.

"It is not our purpose now to suggest what instructions might be given to the jury on the evidence as it may be presented on a new trial, since we are not considering the subject of erroneous instructions, but the absence of sufficient instructions." *Bradshaw v. Warren,* 215 N.C. 442, 2 S.E. 2d 375. We deem it not inappropriate, however, to call attention to the distinction this Court has heretofore drawn between insurance policies indemnifying against "accidental bodily injury" as provided by the policy in suit, and bodily injury by "accidental means" as provided in the policy involved in the case from which the court quoted. For the distinction, we refer to *Scott v. Insurance Co.,* 208 N.C. 160, 179 S.E. 434; and *Fletcher v. Trust Co.,* 220 N.C. 148, 16 S.E. 2d 687.

For the error indicated, it is ordered that the cause be sent back to the Superior Court of Buncombe County for a

New trial.