### ANTHONY F. BYRNES v. JOHN FRANCIS RYCK.

(Filed 19 April, 1961.)

**Automobiles § 46: Trial 31b— Charge held for error in failing to explain law arising upon defendant's evidence.**

Plaintiff's evidence was to the effect that he was riding as a passenger in a demonstration car, that defendant driver was unfamiliar with power steering, that as they were travelling along a street defendant negligently hit a concrete safety island at a "Y" intersection, losing control, and resulting in the accident in suit. Defendant's evidence was to the effect that as he approached the intersection plaintiff grabbed the steering wheel, thus depriving defendant of control of the car and turned the car right, into the traffic island. Held: The charge of the court defining the abstract principles of law applicable, and stating the respective contentions of the parties, but failing to state any part of the defendant's evidence in regard to the seizure of control of the car by plaintiff and the law applicable if the jury should find the facts from the evidence to be as contended by defendant, must be held prejudicial for failing to declare and explain the law arising on the evidence as to all substantial features of the case. G.S. 1-180.

APPEAL by defendant from *Sink, Emergency Judge,* October Special Civil Term 1960 of MECKLENBURG.

This is a civil action to recover for personal injuries alleged to have been the result of the negligence of the defendant.

On 9 May 1959 the defendant John Francis Ryck was driving a sales demonstration automobile of Andy Foppe, Inc., an automobile sales company, at the request of its automobile salesman, the plaintiff Anthony F. Byrnes. The automobile was in the possession of Byrnes as a demonstration car; it was a late model car, equipped with power brakes and power steering. The defendant Ryck was not accustomed to driving a car with power steering. Plaintiff Byrnes explained the operation of the car to the defendant and was sitting close to him on the right side of the front seat. There was no evidence of speeding.

The car proceeded south on Dilworth Road, in the City of Charlotte, until it reached the base of a "Y" in the road just beyond where Romany Road intersected. At the base of the "Y" on Dilworth Road there is a concrete safety island about six inches above the pavement level and beyond that a substantially large island grassed over. Defendant Ryck testified that he had known plaintiff Byrnes several years; that he saw Byrnes at a filling station and Byrnes asked him why he did not buy that automobile. "I started to drive, he gave me instructions * * *. As I approached the intersection ("Y"), Mr. Brynes was sitting on the passenger's side of the front seat buddying (sic) me, he had his arm around me and asked me where I was going, and tapped me on the shoulder and grabbed the wheel with his right hand * * * when he (Mr. Brynes) reached forward, grabbed the wheel and he turned with that completely out of my hands, the next thing I knew there was an extra burst of speed, his foot was on the gas feed and the next thing I knew we were up against the telephone pole * * *."

On cross-examination Mr. Ryck testified that he told the investigating officer that power steering was a factor in causing the accident. Before the accident when Mr. Byrnes was demonstrating the car to him, he told him to be very careful with the power steering, that he attributed the power steering as a factor in causing the accident because it was "so loose and free alongside of what I drive."

It is not in dispute that the left front wheel of the automobile struck the concrete traffic island, ran across it; that the car moved on into the west prong of the "Y" and hit a telephone pole near the west curb, something over 100 feet beyond the traffic island. The car turned over and plaintiff was injured.

The plaintiff denied interfering with the driving of the car in any way; denied grabbing the steering wheel or giving any instructions

whatever to Ryck as to the driving of the car. All Byrnes admitted as to the course the car took was as follows: "I asked Mr. Ryck, 'Which way are you going?' and about the time I got the words out of my mouth, Mr. Ryck turned down this way and we came down this way (indicating direction on map marked Plaintiff's Exhibit #1), the left front wheel hit the point of this island which threw us up on the island. * * * Prior to that time the vehicle was traveling about 30 to 35 miles per hour."

There was a complete contradiction between the testimony of the plaintiff and that of the defendant as to how the accident happened. The defendant contended that the plaintiff, knowing that he was unaccustomed to power steering, grabbed the steering wheel attempted to turn the car to the right and apply the brakes with the result that the car struck the traffic island causing control to be lost and the car to hit the telephone pole. On the other hand, the plaintiff contended that he gave no instructions to the defendant whatever as to the method and manner of driving the car; he did not grab the steering wheel or apply his foot to the accelerator or brake.

The jury returned a verdict in favor of the plaintiff, and from the judgment entered thereon the defendant appeals, assigning error.

*Bailey & Booe for plaintiff appellee.*
*Jones & Small; Deal, Hutchins & Minor for defendant appellant.*

DENNY, J.   The appellant assigns as error the failure of the court below in its charge to the jury to state the evidence necessary to explain the application of the law, in that the court failed to state any part of the evidence to the effect that the defendant testified he was driving the automobile in a lawful manner when the plaintiff reached over and grabbed the steering wheel, turned the car sharply to the right into and over a traffic island and in making said movement deprived the defendant of the control of said automobile; and did not instruct the jury how the respective issues should be answered if the jury should find the facts from the evidence to be as contended by the defendant.

A careful examination of the court's charge to the jury reveals that the court gave the contentions of the plaintiff and the defendant, defined negligence, proximate cause, greater weight of the evidence, and instructed the jury with respect to damages; but, completely omitted to declare and explain the law arising on the evidence in the case. Such omission constitutes a failure to comply with the express requirements of G.S. 1-180. The statute requires the trial

judge to "declare and explain the law arising on the evidence given in the case. He shall not be required to state such evidence except to the extent necessary to explain the application of the law thereto."

In 53 Am. Jur., Trial, section 509, page 411, it is said: "The chief object contemplated in the charge of the judge is to explain the law of the case, to point out the essentials to be proved on the one side or the other, and to bring into the view the relations of the particular evidence adduced to the particular issues involved." This statement was cited with approval in *Lewis v. Watson,* 229 N.C. 20, 47 S.E. 2d 484.

Likewise, in the case of *Glenn v. Raleigh,* 246 N.C. 469, 98 S.E. 2d 913, *Parker, J.,* speaking for the Court, said: "The chief purpose of a charge is to aid the jury to understand clearly the case, and to arrive at a correct verdict. For this reason, this Court has consistently ruled that G.S. 1-180 imposed upon the trial judge the positive duty of declaring and explaining the law arising on the evidence as to all the substantial features of the case. A mere declaration of the law in general terms and a statement of the contentions of the parties, as here, is not sufficient to meet the statutory requirement."

Among the numerous decisions of this Court interpreting and applying the provisions of G.S. 1-180, see *Ammons v. Insurance Co.,* 245 N.C. 655, 97 S.E. 2d 251; *Hawkins v. Simpson,* 237 N.C. 155, 74 S.E. 2d 331; *Bank v. Phillips,* 236 N.C. 470, 73 S.E. 2d 323; *Howard v. Carman,* 235 N.C. 289, 69 S.E. 2d 522; *Chambers v. Allen,* 233 N.C. 195, 63 S.E. 2d 212; *Lewis v. Watson, supra.*

The defendant is entitled to a new trial and it is so ordered.

New trial.