CHARLIE BENBOW v. WESTERN UNION TELEGRAPH COMPANY, INC., AND EDWARD E. JACKSON, ORIGINAL DEFENDANTS, AND CECIL C. BROWN, ADDITIONAL DEFENDANT.

(Filed 4 March 1964.)

1. **Automobiles § 17—**

    Where two automobiles approach an intersection at approximately the same time, the driver on the right has the right of way, notwithstanding that the

other driver may have entered the intersection a hairsbreadth before him. G.S. 20-155(a).

**2. Negligence § 30;    Trial § 54—**

Where a passenger sues both drivers involved in a collision at an intersection he is not entitled as a matter of right to have a verdict exculpating both drivers set aside for inconsistency.

APPEAL by plaintiff from *Mintz, J.,* September 1963 Civil Term of NEW HANOVER.

About 9:15 a.m. on February 1, 1963 plaintiff was a guest passenger in a motor vehicle being operated by the defendant Brown in a southerly direction on Eighth Street in Wilmington. At the same time, the defendant Jackson was operating a Ford truck belonging to his employer, defendant Western Union Telegraph Company, in an easterly direction on Bladen Street approaching its intersection with Eighth Street. The two cars collided in the southwest quadrant of the intersection which was controlled by neither signals nor signs. The front of the Jackson truck struck the Brown vehicle about the right front wheel.

Plaintiff instituted this action on March 11, 1963 to recover damages for injuries to his back which he alleged were proximately caused by the negligence of both Jackson and Brown. On the trial Brown testified that when he was about fifteen feet from the intersection, traveling at a speed of from ten to fifteen miles an hour, he observed the Jackson vehicle approaching from his right at a distance of about thirty feet; notwithstanding, he drove out into the intersection. Jackson testified that when he was twenty feet from the intersection, traveling at about ten miles an hour, he observed the Brown vehicle approaching on Eighth Street approximately twenty-five feet from the intersection at a speed of about twenty-five miles an hour. Jackson applied his brakes but was unable to stop. A building in the northwest corner of the intersection obstructed the view of both drivers until they were within twenty feet of the intersection. Plaintiff, after having testified that Brown came to a complete stop and looked both ways before entering the intersection, stated on cross-examination that he did not know how the collision occurred or where the cars stopped after the accident. He also testified that prior to the collision on February 1st he had never had any trouble with his back, but as a result of the injuries he received therein, he was out of work for two months and still wears a brace. On cross-examination plaintiff admitted that in July 1960, he had instituted a suit against Mitchell Johnson, John Harvey Mobley and Harvey Graham Mobley alleging that as a result of their negligence he has received "a serious and permanent injury to his neck and cervical spine, as well as injuries to his lower back, hips and pelvis."

The jury answered NO to the issue, "Was the Plaintiff injured and damaged by the negligence of the Defendant Edward E. Jackson, as alleged in the Complaint?" To an identical issue with respect to the negligence of Brown, it also answered NO. From the judgment entered on the verdict that he recover nothing of either defendant, the plaintiff appealed.

*Addison Hewlett, Jr., and Elbert A. Brown for plaintiff appellant.*

*Poisson, Marshall, Barnhill & Williams for defendants Western Union and Edward E. Jackson.*

*Royce S. McClelland and W. Allen Cobb for additional defendant Cecil C. Brown.*

PER CURIAM. The conclusion is inescapable that the two defendants approached the intersection at approximately the same time. Jackson, being on Brown's right, had the right of way notwithstanding Brown may have entered the intersection a hairsbreadth before him. G.S. 20-155(a); *Yost v. Hall*, 233 N.C. 463, 64 S.E. 2d 554. Hence, the jury's verdict exonerating Jackson was clearly correct. Indeed, defendants Jackson and Western Union were entitled to their motion of nonsuit. *Carr v. Lee*, 249 N.C. 712, 107 S.E. 2d 544.

Plaintiff contends, however, that one of the defendants was necessarily negligent and that the verdict exculpating both was manifestly so inconsistent that the judge committed error when he declined to set it aside. Conceding Brown's negligence, in order to recover against him, plaintiff was required to satisfy the jury by the greater weight of the evidence that his negligence proximately caused the back injury of which he complained. The judge instructed the jury as to Brown's duty to yield the right of way to Jackson. The weight and credibility of plaintiff's testimony, as well as the question of proximate cause, was for the twelve. The evidence in this case was not complicated. It simply failed to convince the jury that plaintiff was injured as he alleged.

We have examined all the assignments of error and prejudice justifying a new trial does not appear.

No error.