FRANCES ANN NEAL v. ARCHIE LEE STEVENS.

(Filed 15 December, 1965.)

**1. Automobiles § 17—**

Where two vehicles approach at about the same time an intersection at which there are no traffic control signals, the driver on the left should yield the right of way to the driver on the right, and the driver on the right may assume and act upon the assumption that the driver on the left will yield the right of way to him.

**2. Automobiles § 41g—**

In this action to recover for a collision at an intersection, plaintiff's car being on the right, defendant's own testimony to the effect that the first time he saw plaintiff's car it was partly in the intersection and that defendant's car was then perhaps a half a car length from the intersection, requires nonsuit of defendant's counterclaim.

**3. Automobiles § 46—**

An instruction which, in effect, requires plaintiff to show by the greater weight of the evidence that defendant failed to yield the right of way to plaintiff as required by statute and failed to keep a proper lookout, must be held for error as requiring plaintiff to prove conjunctively both bases of negligence in order to recover, since an affirmative finding of negligence in either one of the aspects would be sufficient to support an affirmative answer to the issue.

APPEAL by plaintiff from *Crissman, J.,* 8 February 1965 Civil Session of FORSYTH.

This is a civil action to recover for personal injuries and property damage sustained in an automobile collision on 30 October 1963, which collision was caused by the alleged negligence of defendant.

Plaintiff's evidence tends to show that about 5:00 p.m. on 30 October 1963 plaintiff was operating her 1964 Ford automobile in a westerly direction on Pilot View Street in Winston-Salem, North Carolina. Summit Street runs north and south and intersects with Pilot View Street. Upon reaching the intersection of Pilot View Street and Summit Street, plaintiff stopped her car to let several cars pass going north on Summit Street. Cars were parked on both sides of Summit Street south of the intersection. The driver of a stopped car across the intersection, facing east on Pilot View Street, "motioned for * * * (plaintiff) to come on." Plaintiff looked again, saw nothing, started her car and began negotiating a left turn, and collided with defendant's car which was proceeding north on Summit Street. At this time there were no traffic controls of any kind at this intersection. Plaintiff did not see defendant's car until the collision occurred.

The investigating officer testified, "The grill, the radiator and the left front fender of the * * * (plaintiff's) car were damaged. The right front fender, the bumper and grill of the * * * (defendant's) car were damaged."

Defendant set up a cross action or counterclaim in his answer.

Defendant testified that he was traveling approximately twenty miles per hour in a northerly direction on Summit Street; that he was following behind other traffic moving in the same direction; and that as he "got started in the intersection, there was the * * * (plaintiff's) car to my right." Defendant further testified that as he approached the intersection he did not see plaintiff's car stopped "at the intersection waiting to come out."

On cross-examination, defendant testified that, "The first time I saw Miss Neal's car it was already partly in the intersection. I was back a little bit from the intersection when I first saw Miss Neal's car, I don't know exactly how far, a half a car length, something like that. * * * I saw her in the intersection the first time I saw her. * * *"

Plaintiff's motion for judgment as of involuntary nonsuit on defendant's counterclaim was denied, to which plaintiff took exception.

The jury answered the issue as to defendant's negligence causing plaintiff's injuries in the negative and gave judgment on defendant's counterclaim for $600.00 for damages to his car. Plaintiff appeals, assigning error.

*Clyde C. Randolph, Jr., for plaintiff appellant.*
*Hudson, Ferrell, Petree, Stockton, Stockton & Robinson by R. M. Stockton, Jr., and J. Robert Elster for defendant appellee.*

DENNY, C.J.   The appellant assigns as error the refusal of the court below to sustain her motion for judgment as of nonsuit on defendant's counterclaim.

The defendant testified that, "The first time I saw Miss Neal's car it was already partly in the intersection. I was back a little bit from the intersection when I first saw Miss Neal's car, I don't know exactly how far, a half a car length, something like that."

G.S. 20-155(a) provides that when two automobiles approach an intersection at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right. Moreover, a driver approaching an intersection from the right and a driver approaching an intersection from the left at approximately the same time, the driver approaching the intersection from

the right has the right to assume that the driver of the vehicle approaching from the left will yield the right of way and stop or slow down sufficiently to permit the driver approaching from the right to pass in safety. *Bennett v. Stephenson*, 237 N.C. 377, 75 S.E. 2d 147; *Finch v. Ward*, 238 N.C. 290, 77 S.E. 2d 661; *Benbow v. Telegraph Co.*, 261 N.C. 404, 134 S.E. 2d 652. According to the defendant's own testimony, the plaintiff, who approached the intersection from the right, was already in the intersection before the defendant entered it.

In our opinion, this assignment of error should be sustained and it is so ordered.

Plaintiff assigns as error that portion of the charge which reads as follows:

"* * * (O)r if you are satisfied from this evidence and by its greater weight that the defendant failed to yield the right of way to the plaintiff as required by the statute when two motor vehicles approach an intersection at about the same time where there are no stop signs of any kind, and that he failed to keep the proper lookout and failed to yield as required by that statute, the court charges you that if you should find from this evidence and by its greater weight that that was true in this case, that that would be negligence of itself, that would be negligence *per se*; * * *."

Plaintiff contends there was error in charging in the conjunctive that plaintiff was required to prove that defendant (1) failed to yield the right of way; that (2) he failed to keep a proper lookout; and (3) that he failed to yield as required by statute.

In the case of *Andrews v. Sprott*, 249 N.C. 729, 107 S.E. 2d 560, a similar assignment of error was sustained. Higgins, J., speaking for the Court, said:

"* * * (T)he court charged in the conjunctive as to all the specific allegations of negligence upon which the plaintiff relied. The effect was to require the jury to find the defendant guilty of all the acts of negligence detailed by the court in order to answer the first issue in favor of the plaintiff. The charge, in the manner given, placed upon the plaintiff the burden of showing speed, defective brakes, failure to keep a proper lookout, and failure to keep his car under control. The plaintiff was entitled to have the jury pass on the question whether the evidence showed the defendant, in any of the particulars alleged, had breached a legal duty which he owed to the plaintiff, and if so, whether such breach proximately caused

her . injury and damage. *Henderson v. Henderson*, 239 N.C. 487, 80 S.E. 2d 383; *Aldridge v. Hasty*, 240 N.C. 353, 82 S.E. 2d 331; *Ervin v. Mills Co.*, 233 N.C. 415, 64 S.E. 2d 431. For additional cases, see Strong's North Carolina Index, Vol. 1, p. 232, n. 49."

There are other assignments of error which are not without merit. Even so, we deem it unnecessary to discuss them since the errors complained of may not recur on another trial.

The plaintiff is entitled to a new trial and it is so ordered.

As to plaintiff — New trial.

As to defendant's counterclaim — Reversed.